Gregg M. BEMIS, Plaintiff,

v.

William H. KELLEY, Jr., Detective Sergeant, City of Boston Police Department; Daniel H. Donovan, Detective, City of Boston Police Department; James Karolides, Special Agent, United States Treasury, Bureau of Alcohol, Tobacco & Firearms; Wayne Miller, Special Agent, United States Treasury, Bureau of Alcohol, Tobacco & Firearms, in their individual and official capacities; and Auto Service and Tire, Inc., Defendants.

Civ. A. No. 86–2319–MA.

United States District Court, D. Massachusetts.

Sept. 29, 1987.

Gregg M. Bemis, pro se.

John Roache, City of Boston Law Dept., Boston, Mass., for Wm. Kelley & Daniel Donovan.

Asst. U.S. Atty., Andrew S. Hogeland, Boston, Mass., for J. Karolides & Wayne Miller.

Robert J. Canavan, Murphy, Lamere & Murphy, P.C., Braintree, Mass., Michael R. Fuller, Gallagher & Gallagher, P.C., Boston, Mass., for Auto Service & Tire.

## MEMORANDUM AND ORDER

MAZZONE, District Judge.

The *pro se* plaintiff in this case, Gregg M. Bemis, brings this action under 42 U.S.C. § 1983 to redress alleged deprivations of his civil rights stemming from his arrest on February 9, 1984 and the seizure of certain of his property. The defendants in this case are two Boston police detectives, Sergeant William H. Kelley, Jr. and Daniel H. Donovan, two agents of the United States Treasury, Bureau of Alcohol, Tobacco and Firearms (ATF), James Karolides and Wayne Miller, and Auto Service and Tire, Inc. of Mattapan, Massachusetts.

The plaintiff filed his original complaint on August 5, 1986, and was granted leave to amend it on January 9, 1987. The plaintiff's original and amended complaints contain seven causes of action. The first cause of action claims that the defendants, Kelley and Donovan, acting under the direction of the defendants, Karolides and Miller, violated his Fourth, Fifth and Fourteenth Amendment rights by searching and seizing his 1982 Ford LTD without a warrant. The second cause of action accuses Kelley and Donovan of violating the plaintiff's rights to own and bear arms, and be free of seizure of his property, by seizing and impounding the plaintiff's .357 Magnum revolver and his firearms license. In the plaintiff's third cause of action, he claims he was forced to accompany defendants, Kelley and Donovan, to Boston Police Headquarters against his will in violation of the First, Fifth and Fourteenth Amendments. The fourth cause of action accuses defendants, Kelley and Donovan, of "continually and purposely failing to appear for trial" and therefore violating the plaintiff's "rights of access to a resolution of his guilt or innocence and to be free from unlawful police harassment." The plaintiff's fifth cause of action accuses all four individual defendants and Auto Service and Tire, Inc. of damaging and/or stealing the plaintiff's personal property. In the sixth cause of action, the plaintiff charges the four individual defendants with "conspiring to keep plaintiff tied up in court, seizing his property, and taking away his means of support" in violation of the First, Fourth, Fifth, and Fourteenth Amendments. Finally, the seventh cause of action alleges that Auto Service and Tire, Inc. conspired with Kelley and Donovan to keep the plaintiff's car impounded for an extended period of time in order to facilitate a large storage fee.

This case is before me on dispositive motions filed by all parties. First, the federal agents, Karolides and Miller, are sued in their individual capacities only and they have filed a motion to dismiss or, in the alternative, for summary judgment. The plaintiff opposes this motion, claiming that he has not yet received answers to his second set of interrogatories and to several other motions so that he cannot yet make a determination as to whether or not he should oppose this motion. However, he maintains he has a claim under § 1983 because he has alleged a conspiracy with the state defendants.

The police defendants have moved for summary judgment, supporting their motion with various records. They claim they are entitled to qualified immunity. The plaintiff has filed an opposition, claiming these defendants are acting deliberately to deprive him of his rights.

Auto Service and Tire, Inc. has filed a motion to dismiss or, in the alternative, for summary judgment. The plaintiff opposes this motion, maintaining that he has a claim under § 1983 since Auto Service and Tire is under contract with the Boston Police Department and is regulated by the Massachusetts Department of Public Utilities, thereby acting under color and authority of state law.

Lastly, the plaintiff has moved for summary judgment on the basis of a record of undisputed facts set out. This motion is supported by affidavits and certain police records. All defendants have opposed the motion.

It would appear that this matter is ripe for disposition on the present motions, the adversaries having filed cross-motions for summary judgment. All parties have filed factual records which they claim are undisputed. While they do not dispute the record filed by the opposing party, they do not agree on the same record of undisputed facts. The first task, therefore, is to glean from each version those material, undisputed facts which will either allow or defeat summary judgment as to any movant. The following is the undisputed factual record extracted from the separate versions submitted by the parties, and the records of this Court.

### I.

In January, 1984, the plaintiff was the subject of two separate investigations. The Boston police defendants, based on information from another Boston police officer, were conducting an investigation concerning motor vehicle larceny and larceny of motor vehicle parts. The federal defendants were investigating a series of arsons in the Boston area in which the plaintiff was a suspect. The two law enforcement units exchanged information during this time which was relevant to their respective investigations and which concerned Bemis. The police investigation focused on a 1982 black Ford LTD registered to Bemis, and located in a lot at 125 Amory Street, Jamaica Plain, used by the Boston Housing Authority where Bemis was employed as a police officer. When the car was observed by Kelley on February 7, 1984, the taillights and grill were not standard parts of a 1982 Ford LTD.

On February 8, 1984, based on this information and more, Kelley applied for and received a search warrant for the 1982 Ford LTD from an associate justice of the

Suffolk Superior Court. The following night, February 9, 1984, at 11:46 P.M., the officers went to the Boston Housing Authority lot on Amory Street and seized the vehicle. They arrested the plaintiff for larceny of a motor vehicle and larceny of motor vehicle parts and called the defendant, Auto Service and Tire, to tow the car for safekeeping and further investigation. At the time of the arrest, the plaintiff's revolver and holster were taken from him, as was his license to carry a firearm. The handgun was forwarded to the police department ballistician for safekeeping and the license was forwarded to the department supervisor with Kelley's recommendation that it be revoked.

The same night, February 9, 1984, the federal agents, Karolides and Miller, were notified that Bemis was at Boston Police headquarters and they went there to question him regarding the arson investigation. Based on information provided by the Boston Police and other sources, the federal agents, on February 17, 1984, sought and obtained a search warrant from the magistrate for the 1982 Ford LTD registered to Bemis. On February 17, 1984, Miller went to Auto Tire and Service to search the car. He seized two 2–way radios, a programmable scanner, an intercepter, an empty oil jug, a street guide, an automobile tire for the car, and other material listed in the inventory return. Miller had been told that Bemis used the radio and scanner to monitor the progress of fires. There were certain other items of fire clothing or gear in the car which Miller saw, but, he stated, he did not seize or damage.

At this point, the involvement of the federal agents ceases as far as this complaint is concerned.[1] The saga continues as to the other defendants.

On February 10, 1984, Kelley applied for two complaints in the West Roxbury District Court for motor vehicle larceny and larceny of motor vehicle parts. Trial was set for March 12, 1984. Kelley's investigation showed the grill and taillight assemblies on Bemis' car were from a 1983 Ford

---

1. The plaintiff's affidavits detail his federal indictment and subsequent cooperation with the federal authorities, but those details are not relevant to the issues presented here.

reported stolen from Natick Ford. He also removed part of the header panel and sent it to a laboratory in Maryland for paint analysis. At this point, Donovan's involvement ceases.

On March 12, 1984, Kelley was testifying in another court and was not present for the plaintiff's trial. The charges were dismissed for lack of prosecution. On April 23, 1984, the charges were ordered reopened by the district judge and trial was scheduled for June 11, 1984. On June 11, 1984, Kelley did not appear and Bemis was found not guilty. Bemis incurred attorney's fees of $1300 for his defense of these charges. Kelley states that he believed the complaints had been permanently dismissed on March 12, 1984, that he was not aware that the charges had been reopened, and that he was not notified of the new trial date. Kelley also states that he did not remove or destroy any parts or contents of the motor vehicle except those authorized by the search warrant. Neither Kelley nor Donovan ever applied for a second search warrant after the March 12, 1984 dismissal.

On August 8, 1984, Bemis picked up his car at Auto Tire and Service. Auto Tire and Service had a contract with the Boston Police to tow and store cars. The entire bill for towing and storage was $1,194.50. Bemis did not have this amount and the car was released for $500. Except for those parts already described, the president of Auto Tire and Service denies any other parts or contents were removed, damaged or destroyed. The plaintiff also claims, in a late filed supplement to his motion, that the defendants, Kelley, Donovan and Auto Tire and Service, failed to follow the procedures established for towing vehicles because Kelley and Donovan did not describe the condition of the vehicle and its contents, which were to be verified by the tow truck driver.

To complete the picture, the plaintiff is currently serving a federal prison sentence of 30 years, having pleaded guilty to several counts of arson in 1984. He was sentenced on October 5, 1984. *United States v. Bemis, et al*, Cr. No. 84-242-Z. The federal defendants, Karolides and Miller were two of the ATF agents conducting the investigation which led to the indictment and conviction of the plaintiff and others in a large scale arson conspiracy in 1984.

## II.

It is against this backdrop that the issues are to be examined. The plaintiff goes further and provides newspaper clippings to show that Kelley is now under investigation in connection with a towing and stolen car operation. That information, while not disputed, is not relevant nor necessary, I believe, for a resolution of the issues before me. Finally, I have in mind that this *pro se* complaint should be read liberally in accordance with *Haines v. Kerner*, 404 U.S. 519, 520–521, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972).

■ *Count I.* The first cause of action alleges the defendants, Kelley and Donovan, acting under the direction of Karolides and Miller, seized and searched the plaintiff's property without a warrant. The affidavits and exhibits submitted by the defendants indicate that on January 12, 1984, the defendant Kelley received information from Robert Groblewski, a Boston police officer, concerning stolen motor vehicle parts attached to the plaintiff's vehicle. Following an investigation, Kelley applied for a warrant on February 8, 1984, authorizing the seizure of the plaintiff's vehicle and the search and seizure of certain parts of the vehicle. A copy of the warrant issued on February 9, 1984 is attached as Exhibit D to the defendants' motion for summary judgment. There is no allegation the warrant was improperly obtained. *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). The plaintiff was arrested by Kelley and Donovan on February 9, 1984, and charged with larceny of a motor vehicle and larceny of motor vehicle parts. The plaintiff's car was seized pursuant to a search warrant and towed to Auto Service and Tire for further investigation. There is no factual dispute presented. Clearly, the defendants acted pursuant to a properly issued search warrant. This count must be dismissed.

**Count II.** The second cause of action alleges Kelley and Donovan violated the plaintiff's right to bear arms by seizing his revolver and license at the time of the arrest. A police officer has the right to conduct a search for weapons and other contraband incident to a valid arrest without a warrant, *U.S. v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). The defendant Kelley properly forwarded the weapon to the police department ballistician, for safekeeping, pursuant to Boston Police Department regulations. Kelley recommended the license be revoked.

The Second Amendment does not confer on an accused the right to retain a firearm when being arrested. The arresting officer is entitled to seize weapons during an arrest for personal protection. *U.S. v. Robinson, supra.*

The right to carry a firearm is regulated by statute in Massachusetts and that right may be revoked for good cause at any time. M.G.L. c. 140, § 131 *et seq.* Here, the plaintiff was under arrest for two felonies and was the subject of an ongoing federal arson investigation. A review of his license to carry a firearm was certainly reasonable and not a violation of any constitutional right. *See also Commonwealth v. Davis,* 369 Mass. 886, 343 N.E.2d 847 (1976). This count must also be dismissed.

**Count III.** The third cause of action alleges the plaintiff's rights to freedom of association and to be free from unlawful restraint were violated by forcing him to go to the Boston Police Headquarters. The plaintiff's arrest on February 9, 1984 was made without a warrant after the defendants Kelley and Donovan observed the plaintiff operating the motor vehicle that was the subject matter of the search warrant issued on February 9, 1984. Based upon the information set forth in Officer Kelley's affidavit in support of the search warrant, and the officers' observation of the plaintiff's operation of the vehicle, the officer clearly had probable cause to believe that the plaintiff had committed the felony offenses for which he was arrested, namely larceny of a motor vehicle and larceny of motor vehicle parts. *United*

*States v. Watson,* 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). Since the arrest was proper, the ensuing restraint was proper. This count is to be dismissed.

**Count IV.** The fourth cause of action charges harassment and denial of access to the courts by failing to appear for trial. This count fails to state a claim for which relief can be granted. The plaintiff was arrested on February 9, 1984. A trial date was set for March 12, 1984 at which time the complaint was dismissed for lack of prosecution. A new complaint issued on May 11, 1984 and Bemis was found not guilty on June 11, 1984. It is not clear how the plaintiff can now claim that he was denied access to a resolution of the question of his guilt or innocence. Kelley states in his affidavit that he was testifying at another trial on March 12, 1984 and was not notified of the later June 11 trial date. This statement is not controverted. The police harassment to which the plaintiff refers here apparently relates to the defendants Kelley and Donovan "continually and purposely failing to appear for trial." It is not clear how harassment can have occurred when the defendants did not appear in court on two occasions. This count is to be dismissed.

**Count V.** The fifth cause of action, as amended, alleges that the four individual defendants and Auto Service and Tire, Inc. damaged and/or stole the plaintiff's personal property. Specifically, the plaintiff claims that the following items were found to be either missing or damaged upon release of his car:

1. 1982 Ford LTD taillight assemblies (missing)
2. 1983 Ford LTD header panel and grill (missing)
3. 1982 Ford LTD windshield (broken)
4. 1982 Ford LTD automatic transmission (broken)
5. 1982 Ford LTD paint job (paint destroyed by dogs)
6. Tool box with assorted tools (missing)
7. Alb Ultraprene firecoat (missing)
8. Cairnes leather fire helmet (missing)

9. Service fire boots (missing)

10. Leather police jacket (destroyed)

First, there is nothing in the plaintiff's complaint to connect the defendant, Karolides, or the defendant, Donovan, to the removal of items from the car or damage to the car. Karolides states in his affidavit that he has never even seen Mr. Bemis' car (affidavit, paragraph 4). Donovan states in his affidavit that his only involvement in this matter was in the arrest and booking of the plaintiff in the early morning hours of February 10, 1984 (affidavit paragraph 5). These statements are uncontroverted.

The defendants, Kelley and Miller did conduct searches of the plaintiff's vehicle. In paragraph 8 of his affidavit, Kelley states that he concluded that the taillight assemblies and the front grill of Bemis' car were from a Ford motor vehicle of the same year as that Ford which had been stolen from Natick Ford, and that he therefore had the taillight assemblies and grill removed from the vehicle. Kelley also had a portion of the header panel removed and sent to the ATF National Laboratory in Rockville, Maryland for analysis. There is no indication, however, as to the ultimate disposition of those parts.

The plaintiff's complaint, paragraph 13, alleges that Miller searched the car on or about February 15, 1984 and removed five items. These five items, though, are not among those which the plaintiff claims in his complaint, paragraph 20(c), were damaged or stolen. Miller acknowledges that he searched the car on February 17, 1984, pursuant to a search warrant issued by Magistrate Collings. He has submitted, as Exhibit D accompanying his affidavit, an inventory of the items seized in his search. None of these items are those which the plaintiff claims were damaged or stolen, and Miller denies taking or damaging any of the property listed in paragraph 20(c) of the complaint.

Auto Service and Tire, Inc., in its answer and jury claim (paragraph 20), admits that the taillight assemblies and header panel and grill were missing from the plaintiff's car, but claims that it has no knowledge or information sufficient to admit or deny the allegations with respect to the other items allegedly damaged or stolen.

Stripped to its essentials, this claim boils down to damages for a broken windshield, a broken automatic transmission, a paint job damaged by dogs, and missing or damaged tools, firecoat, fire helmet, boots, and leather jacket. While the plaintiff has an undeniable property right, I cannot find, under the circumstances described here, that his right is elevated to constitutional proportion. First, the car was already in the exclusive and valid possession of the defendant, Auto Tire and Service. Second, there are no factual allegations supporting the claim of intentional—as opposed to negligent—taking of property; the plaintiff's bald allegations are unsubstantiated. Third, the plaintiff was not in custody, or under restraint of any kind. His failure to take action between August 8, 1984 and October 5, 1984 is inexplicable. These facts warrant the approach taken by the Supreme Court in *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). *See also Bonner v. Coughlin,* 517 F.2d 1311 (7th Cir.1975), modified *en banc,* 545 F.2d 565 (1976), *cert. denied,* 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 529 (1978). This count is also dismissed.

■ *Count VI.* The sixth cause of action alleges conspiracies among Kelley, Donovan, Karolides and Miller to keep him tied up in court, to seize his property and to take away his means of support. Even with a liberal reading of this *pro se* complaint in accordance with *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), the plaintiff has not pleaded sufficient facts to back his claims of conspiracy as to the civil rights violations. *Leonardo v. Moran,* 611 F.2d 397 (1st Cir.1974). The exchange of information between the Boston Police and the federal agents cannot form the basis of a conspiracy charge, if this is indeed the basis of the plaintiff's charge.

There are no factual allegations of, or support for, any agreement among the defendants and what role each defendant played in accomplishing the objectives described by the plaintiff. The plaintiff must

support his complaint with specific facts. *Glaros v. Perse,* 628 F.2d 679, 684 (1st Cir.1980); *Slotnick v. Staviskey,* 560 F.2d 31, 33 (1st Cir.1977); *cert. denied,* 434 U.S. 1077, 98 S.Ct. 1268, 55 L.Ed.2d 783 (1978). This count is also dismissed.

■ *Count VII.* The seventh cause of action alleges the defendants Kelley, Donovan and Auto Tire and Service conspired to keep his car impounded to facilitate a large storage fee. Again, this claim fails for failure to set out specific facts to show such a conspiracy. The allegations are that Kelley appeared and threatened Bemis when he demanded the return of his car, but there are no facts or description of the role anyone else played in the alleged conspiracy except the bald assertion that an unidentified employee of Auto Tire and Service stood by with a smile on his face. I also note the uncontroverted affidavit submitted by Auto Tire and Service that the car was returned on August 8, 1984 and the entire bill for $1,194.50 was settled for $500. Since the Auto Tire and Service was entitled to $18.00 to tow the vehicle and, at the least, $6.50 a day for storage between February 9 and June 11, 1984, the day the plaintiff was found not guilty, the plaintiff was not charged an excessive storage fee. This cause of action must also be dismissed.

### III.

One further note is in order. All of the events which form the bases of this complaint occurred before the plaintiff was sentenced on the federal charges on October 5, 1984. The plaintiff had ample time to seek remedies in the state courts for property losses he alleged he suffered. He then waited for almost two years after his sentence was imposed to bring this action. In other words, the plaintiff was not subjected to an intentional destruction of his property while he was in custody and unable to assert effectively his rights.

■ The foregoing discussion was meant to address the specific claims of the plaintiff on their respective merits. Despite the enormous and capable effort of this *pro se* plaintiff, in my judgment his complaints do not pass constitutional muster. In addition, the four law enforcement defendants have claimed protection by qualified immunity. While the above conclusions dispose of this matter, I believe the defendants are entitled to that protection under *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The facts here, especially the presence of both a state and federal search warrant and the presence of probable cause to arrest and the attendant right to seize weapons and evidence, show reasonable grounds for the belief that the defendants' actions were necessary and taken in good faith. *Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); *Floyd v. Farrell,* 765 F.2d 1 (1st Cir.1985). *See also Borucki v. Ryan,* 827 F.2d 836 (1st Cir.1987).

Finally, I note the plaintiff seeks further discovery before these motions are decided. In his oppositions to defendants Kelley and Donovan's, and Karolides and Miller's dispositive motions, filed on June 19, 1987, he states he has filed motions and requested further information from judges involved in his state criminal case. Given the factual record above, I do not believe that information will be relevant or necessary to this decision.

In accordance with the above, the complaint will be dismissed in its entirety against all five defendants.

SO ORDERED.