959 F.2d 230
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Thomas J. RICCI, et al., Plaintiffs, Appellants,
v.
Joseph PAOLINO, et al., Defendants, Appellees.
 No. 91-1994.
 United States Court of Appeals,
First Circuit.
 April 1, 1992
 
 Thomas J. Ricci on brief pro se.
 Joseph P. Casale, Assistant City Solicitor, Providence Law Department, on brief for appellee, City of Providence.
 Before Selya, Circuit Judge, Campbell, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 Plaintiff Thomas Ricci appeals from a judgment of the district court dismissing his civil rights action for failure to state a claim. For the reasons that follow, we affirm.
 
 I.
 
 2
 In 1984, in connection with a criminal investigation, the Providence, Rhode Island police seized various items of property from plaintiff and his company, Busy Bee Construction, Inc, pursuant to a search warrant. Such items included three trucks, other construction equipment and supplies, and business records. A state grand jury later returned an indictment, but the matter was dismissed in 1990. Plaintiff thereafter sought the return of the seized property. On March 7, 1990, the state superior court ordered the return of ten enumerated items. Subsequent investigation revealed that several of these items, which had been stored on a city lot for the preceding six years, were missing. In response to plaintiff's motion for an order of contempt, the superior court on March 26, 1991 ordered that the missing property be appraised and the other items returned. And on July 29, 1991, the court held the city in contempt of the March 7, 1990 order and, pursuant to the appraisal report, ordered the payment of $13,000 to plaintiff.
 
 
 3
 While these state court proceedings were ongoing, plaintiff on August 28, 1990 filed the instant civil rights action under 42 U.S.C. § 1983.[1] Named as defendants were the City of Providence, the Mayor, and two successive Chiefs of Police. The complaint focused on the ten items of property listed in the superior court's order of March 7, 1990. As amended, the complaint alleged that the defendants' failure to (1) preserve the missing items and (2) turn over the remaining items effected an unlawful taking and a deprivation of property without due process, in violation of the Fourth and Fourteenth Amendments. It also alleged that the failure to preserve or turn over the property was "grossly negligent and recklessly indifferent" to plaintiff's constitutional rights.[2] Two pendent claims alleged negligence as a matter of state law. Following a hearing, the district court dismissed the amended complaint for failure to state a claim, indicating that plaintiff possessed an adequate remedy at state law. Plaintiff, having been represented by counsel below, now appeals pro se.
 
 II.
 
 4
 The dismissal of plaintiff's claims against the City of Providence was unquestionably warranted. "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort.... [A] municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. New York City Dep't of Social Services, 436 U.S. 658, 691 (1978); accord, e.g., Collins v. City of Harker Heights, 60 U.S.L.W. 4182, 4184 (U.S. Feb. 26, 1992); Canton v. Harris, 489 U.S. 378, 385 (1989); Bordanaro v. McLeod, 871 F.2d 1151, 1155 (1st Cir.), cert. denied, 493 U.S. 820 (1989). Plaintiff's complaint, even when construed in its most favorable light, see, e.g., Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989), at no point alleges that the missing items of property were lost-or that immediate compliance with the March 1990 order was not forthcoming-due to an officially sanctioned policy or custom.
 
 
 5
 This deficiency in the complaint, as it turns out, constitutes sufficient grounds for affirming the judgment below. For the record reveals that plaintiff voluntarily dismissed all claims against the remaining three defendants on June 25, 1991. Plaintiff acknowledged as much in a motion filed on July 30, 1991, in which he sought to amend the judgment to reflect his understanding that such dismissal would be without prejudice.[3] Nonetheless, some confusion attends this matter. The voluntary dismissal was never recorded on the docket. And it was not mentioned at the July 17 hearing. Given that plaintiff is proceeding pro se on appeal, and that a dispute arose below as to whether such dismissal would be with or without prejudice,[4] we shall briefly address the § 1983 claims against the individual defendants.
 
 
 6
 These claims fare no better. Plaintiff's allegation that his property has been taken without just compensation founders as a result of, inter alia, his failure to allege that state procedures for obtaining compensation were unavailable or had proven inadequate. See, e.g., Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 194-97 (1985); Macene v. MJW, Inc., 951 F.2d 700, 704 (6th Cir. 1991). His Fourth Amendment claim is equally deficient, particularly since he has not questioned the propriety of the defendants' seizure and retention of his property between 1984 and 1990. See, e.g., Decker v. Hillsborough County Attorney's Office, 845 F.2d 17, 20-21 (1st Cir. 1988) (per curiam).
 
 
 7
 What remains is a procedural due process claim. With respect to the lost items of property,[5] one might justifiably construe the nonconclusory allegations in plaintiff's complaint as amounting to no more than a claim of negligence. In such case, the due process clause would not be implicated at all. See, e.g., Daniels v. Williams, 474 U.S. 327, 330-31 (1986) (holding that a negligent act cannot effect a "deprivation" of life, liberty, or property under the Fourteenth Amendment); Germany v. Vance, 868 F.2d 9, 17-18 & n.10 (1st Cir. 1989) (applying Daniels to allegations of "gross negligence"). Yet even if one accepts plaintiff's contention that defendants were "recklessly indifferent" in losing his property, his claim would still fall short for the reason cited by the district court: the availability of post-deprivation state remedies in this context provided all the process that was due.
 
 
 8
 To be sure, due process usually requires some kind of a hearing before the state deprives a person of liberty or property. See, e.g., Zinermon v. Burch, 494 U.S. 113, 127 (1990); Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985). In some circumstances, however, "a statutory provision for a postdeprivation hearing, or a common-law tort remedy for erroneous deprivation, satisfies due process." Zinermon, 494 U.S. at 128. In a line of cases beginning with Parratt v. Taylor, 451 U.S. 527 (1981), the Court has indicated that such circumstances exist where the deprivation was so unforeseeable as to render predeprivation process ineffectual. Parratt involved a prisoner's claim that prison officials had negligently lost a mail package of "hobby materials" he had ordered, thereby depriving him of property without due process. Such loss resulted, not from "some established state procedure," but rather from "a random and unauthorized act by a state employee." 451 U.S. at 541. In such a case, "the State cannot predict precisely when the loss will occur." Id. It was therefore "not only impracticable, but impossible, to provide a meaningful hearing before the deprivation." Id. As an adequate postdeprivation remedy existed, plaintiff had "not alleged a violation of the Due Process Clause." Id. at 543.
 
 
 9
 In Hudson v. Palmer, 468 U.S. 517 (1984), the Court extended this reasoning to intentional deprivations of property. "The state can no more anticipate and control in advance the random and unauthorized intentional conduct of its employees than it can anticipate similar negligent conduct." Id. at 533. Predeprivation process was thus equally "impracticable." Id.; accord, e.g., PFZ Properties, Inc. v. Rodriguez, 928 F.2d 28, 31 (1st Cir. 1991), cert. dismissed, 60 U.S.L.W. 4224 (U.S. March 9, 1992). By contrast, in Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982), where the alleged property deprivation occurred as a result of "established state procedure," predeprivation process was feasible and therefore constitutionally mandated. Id. at 436. And in Zinermon, a viable due process claim was presented because the alleged deprivation of liberty was neither unpredictable nor unauthorized, and predeprivation procedural safeguards were not impossible. 494 U.S. at 136-38.
 
 
 10
 The instant case is clearly governed by Parratt/Hudson rather than Logan/Zinermon.[6] The loss of plaintiff's property is not alleged to have occurred pursuant to (or due to the inadequacy of) some established procedure. Rather, plaintiff contends only that the defendants acted with "reckless indifference." Without more, this allegation amounts to the very type of random, unauthorized conduct that could not reasonably be predicted or averted.[7] "[N]o predeprivation safeguards would [have] be[en] of use in preventing the kind of deprivation alleged." Zinermon, 494 U.S. at 139. Accordingly, postdeprivation process-so long as it is adequate-is all that is due. And it is clear that suitable postdeprivation remedies exist in the instant case. As mentioned, plaintiff has obtained an award of $13,000 as compensation for the lost items. And his counsel acknowledged below that plaintiff could pursue a tort action against the city under R.I. Gen. Laws § 9-31-1 for lost profits. Plaintiff does not dispute that these remedies would fully compensate him for the property losses suffered. The fact that they might not provide him with all the relief potentially available under § 1983 (an argument advanced by plaintiff's counsel below) is therefore unimportant. See, e.g., Hudson, 468 U.S. at 535; Parratt, 451 U.S. at 543-44; Amsden v. Moran, 904 F.2d 748, 756 (1st Cir. 1990), cert. denied, 111 S. Ct. 713 (1991).
 
 
 11
 Plaintiff's remaining claim-that the defendants' failure to comply with the March 1990 court order directing the return of the property constituted a denial of due process-can be addressed more summarily. In fact, we rejected an identical claim in Decker. The plaintiff there, following his acquittal in a criminal trial, sought the return of personal property that had been seized. He obtained a state court order directing the property's return, but the defendants allegedly refused to comply in flagrant disobedience of the court order. This court held, on the basis of Parratt and Hudson, that the availability of state remedies foreclosed any basis for § 1983 relief. 845 F.2d at 22; accord Vicory v. Walton, 721 F.2d 1062 (6th Cir. 1983), cert. denied, 469 U.S. 834 (1984). The same reasoning controls here.
 
 
 12
 For these reasons, we conclude that plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted). The dismissal of his amended complaint was therefore proper.
 
 
 13
 Affirmed.
 
 
 14
 Costs in favor of appellee, City of Providence.
 
 
 15
 Defendants' request for attorney's fees in connection with the instant appeal is denied.
 
 
 
 [1]
 Busy Bee Construction, Inc. was also a plaintiff in the action below, but is not part of the instant appeal
 
 
 [2]
 This allegation was presented in a separate count, but is more properly viewed as part of the § 1983 claim
 
 
 [3]
 The district court denied the motion, leaving intact the judgment entered on July 26, 1991 which dismissed the complaint in its entirety with prejudice
 
 
 [4]
 On appeal, plaintiff has not sought to challenge the district court's ruling in this regard
 
 
 [5]
 While the defendants have acknowledged that several of the seized items were lost, the identity of those items remains unclear. At the July 1991 hearing, the parties agreed, and the district court found, that the missing items consisted of two pickup trucks and several vats of paint. Yet in its March 26, 1991 order, the superior court ordered that an appraisal be performed-not of the two trucks-but of seven steel plows and a universal loader (plus the paint). The implication, of course, was that only the latter items were missing. Moreover, the $13,000 in contempt sanctions later imposed by the superiorcourt reflected the appraised value of those items. Plaintiff, in his appellate brief, admits that the two trucks are not missing. Yet, contributing to the confusion, he maintains that several other items (in addition to the plows and loader) have not been returned; whether he is also asserting that they are missing is unclear. Fortunately, disposition of the instant appeal does not require that this discrepancy be resolved
 
 
 [6]
 The majority opinion in Zinermon (a 5-4 decision) employed language at some variance with that of Parratt, particularly concerning the concept of foreseeability. Three courts have divided in recent months over attempts to reconcile the two, see Caine v. Hardy, 943 F.2d 1406 (5th Cir. 1991) (en banc); Ezekwo v. NYC Health & Hosps. Corp., 940 F.2d 775 (2d Cir.), cert. denied, 112 S. Ct. 657 (1991); Easter House v. Felder, 910 F.2d 1387 (7th Cir. 1990) (en banc), cert. denied, 111 S. Ct. 783 (1991), and one judge has described the two decisions as incompatible, see id. at 1408 (Easterbrook, J., concurring). The instant case provides no occasion to enter this fray
 
 
 [7]
 The instant case differs from Matthias v. Bingley, 906 F.2d 1047 (5th Cir. 1990), modified, 915 F.2d 946 (5th Cir. 1990), where a sale of seized property without prior notice to the owners-conducted pursuant to city ordinance-was deemed a violation of due process. Rather, it resembles Bemis v. Kelley, 857 F.2d 14 (1st Cir. 1988) (per curiam), which involved a claim that various items of seized property had been damaged or lost. This court affirmed the dismissal of the claim due to the availability of state remedies. Id. at 19