Stephen CARMICHAEL, Petitioner,

v.

WARDEN, MAINE STATE
PRISON, Respondent.

No. CIV. 04–113–B–W.

United States District Court,
D. Maine.

Nov. 17, 2004.

Order Denying Reconsideration
Dec. 2, 2004.

Stephen Carmichael, Maine State Prison, Warren, ME, Pro Se.

Charles K. Leadbetter, Assistant Attorney General, Donald W. Macomber, Maine Attorney General's Office, Augusta, ME, for Warden, Maine State Prison, Respondent.

*ORDER ON APPELLATE REVIEW OF THE MAGISTRATE JUDGE'S ORDERS ON CARMICHAEL'S MOTION FOR RECONSIDERATION AND MOTION TO APPOINT COUNSEL*

WOODCOCK, District Judge.

No stranger to the judicial system, on July 12, 2004, Petitioner Stephen Carmi-

chael filed a Petition for Writ of Habeas Corpus with this Court. *See* 28 U.S.C. § 2254. In its Response, the State of Maine ("State") attached a comprehensive state court record consisting of two blue notebooks approximately two to three inches thick. When the State did not send a copy of these extensive attachments to Carmichael, he filed a Motion to Compel the Production of these Documents. On August 24, 2004, Magistrate Judge Kravchuk denied Carmichael's Motion, noting that "the court cannot and will not reproduce the entire state court record for him, most of which he should have had access to in state court because he himself created many of the pleadings referenced in the answer."[1] She allowed, however, that if Carmichael could make "a compelling showing as to his need for a specific exhibit, [she] would address that concern." On September 8, 2004, Carmichael filed a Motion for Reconsideration and a Motion to Appoint Counsel; these Motions were denied the same day. On September 20, 2004, Carmichael appealed Magistrate Judge Kravchuk's denials of these Motions to this Court.

The standard under which Magistrate Judge Kravchuk's decisions are to be reviewed is whether it has "been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also Koken ex rel. Reliance Ins. Co. v. Auburn Mfg., Inc.*, No. 02–83–B–C, 2004 WL 2358158 at *1 (D.Me. Oct.15, 2004)(order denying the defen-

dants' appeal of the magistrate judge's order); *Jacobsen v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo P.C.*, 594 F.Supp. 583, 585 (D.Me.1984). This Court concludes Carmichael has failed to demonstrate the actions of the Magistrate Judge are clearly erroneous or contrary to law.

■ In denying the appeal of the Magistrate Judge's denial of the Motion for Appointment of Counsel, this Court is aware there is no constitutional right to appointment of counsel in a civil case. *Bemis v. Kelley*, 857 F.2d 14, 15 (1st Cir.1988); *Cookish v. Cunningham*, 787 F.2d 1, 2 (1stCir.1986). Pursuant to 18 U.S.C. § 3006A(a)(2)(B), when a court "determines that the interests of justice so require, representation may be provided for any financially eligible person" who is seeking relief under 28 U.S.C. § 2254. *Manisy v. Maloney*, 283 F.Supp.2d 307, 317 (D.Mass.2003). The decision to appoint counsel is discretionary, as "an indigent civil litigant in federal court has no constitutional or statutory right to the appointment of counsel, even if he is challenging a criminal conviction as by a proceeding such as this for habeas corpus." *Huenefeld v. Maloney*, 2 Fed.Appx. 54, 61 (1st Cir.2001)(citing *Dellenbach v. Hanks*, 76 F.3d 820, 823 (7th Cir.1996)); *see also Manisy*, 283 F.Supp.2d at 317. Thus, a petitioner must establish "that he was indigent and that exceptional circumstances were present such that a denial of counsel was likely to result in fundamental unfair-

---

[1] The attachments to the State's Response are copies of documents previously filed in Carmichael's underlying state criminal case, *State v. Carmichael*, SOMSC–CR–98–307 (Me.Super.Ct., Som.Cty.); his Law Court appeal, *State v. Carmichael*, No. Som–99–39 (Jan. 4, 1999); his postconviction review, *Carmichael v. State*, SOMSC–CR–00–296 (Me.Super.Ct., Som.Cty.); and his postconviction appeal, *Carmichael v. State*, No. Som–03–499 (Jul. 30, 2003). The documents include, for example, a complete two volume trial transcript in *State v. Carmichael*, SOMSC–CR–98–307. Although the State did not send Carmichael a copy of each attachment, it itemized each attachment with sufficient particularity so that Carmichael would be aware which documents have been attached. He has sufficient information about the attachments to articulate a compelling need, if one exists, for copies of one or more of them.

ness impinging on his due process rights." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir.1991); *Bemis*, 857 F.2d at 15; *Cookish*, 787 F.2d at 2; *Manisy*, 283 F.Supp.2d at 317. The factors a court may consider include the indigent's ability to conduct whatever factual investigation is necessary to support his claim, the complexity of the factual and legal issues involved, and the capability of the indigent litigant to present the case. *Cookish*, 787 F.2d at 3; *Manisy*, 283 F.Supp.2d at 317.

■ Here, the Magistrate Judge simply denied the motion without explanation. "[A] decision made in the absence of a basis is an abuse of discretion." *Howland v. Kilquist*, 833 F.2d 639, 646 (7th Cir. 1987)(§ 1983 action)(quoting *Darden v. Illinois Bell Tel. Co.*, 797 F.2d 497, 502 (7th Cir.1986)); *see also Heath v. Neal*, 909 F.2d 1486, 1990 WL 107872 (7th Cir. 1990)(28 U.S.C. § 2254 action). However, to remand this matter to the Magistrate Judge would be an "exercise in futility." *See Howland*, 833 F.2d at 646. The record clearly demonstrates Carmichael's familiarity with the law. He is a veteran litigator, having previously been involved in lawsuits of various types that fill two blue notebooks approximately two to three inches thick. In this case, he has filed the following Motions: (1) Motion to Extend Time to File Reply; (2) Motion to Compel Production of Documents; (3) Motion for Reconsideration; (4) Motion to Appoint Counsel; (5) Motion for Recusal; (6) Motion to Amend Petition; and, (7) Motion to Stay Pending Exhaustion of Second Post Conviction Petition Appeal in State Court. He has also appealed the Magistrate Judge's rulings. Finally, the legal issues

presented by the Petition are straightforward and require no legal assistance. *See United States v. Stewart*, No. CRIM. 03–102–P–H, 2004 WL 2270015, at * 1 (D.Me. Oct.5, 2004); *see also Manisy*, 283 F.Supp.2d at 317. Carmichael is obviously more than capable of representing himself.

The Appeal is DENIED and the Magistrate Judge's denials of the Motion for Reconsideration and the Motion for Appointment of Counsel are hereby AFFIRMED.[2]

SO ORDERED.

## ORDER ON PETITIONER'S MOTION FOR RECONSIDERATION

■ On November 17, 2004, this Court issued an Order, denying Petitioner Stephen Carmichael's appeal of Magistrate Judge Kravchuk's decision, which denied his Motion for Reconsideration and Motion for Appointment of Counsel. Mr. Carmichael has now filed a Motion for Reconsideration of this Court's November 17, 2004, Order. In the Motion, he states he does not have "any idea what to do or how to even write a motion" and his prior filings have been the work of "the jail house writ [writer]." With the Motion, he submits an Affidavit from David Gordon Fleming, a fellow prisoner. Mr. Fleming avers he, not Mr. Carmichael, has been the true author of "every document that has been filed within this Court." He states further his actions have violated prison rules and have subjected him to discipline. Finally, he says he is "no longer willing to risk disciplinary punishment." This Court DENIES Mr. Carmichael's Motion for Reconsideration.

2. Regarding Carmichael's request for copies of the documents the State attached to its Response, Magistrate Judge Kravchuk has made it clear she will address his concerns about any specific document and, if he can demonstrate a compelling need, she would "gladly reconsider" her Order. He only needs to demonstrate why he needs a particular document.

It is axiomatic that an issue not previously presented cannot be raised for the first time on appeal. *Johnston v. Holiday Inns, Inc.,* 595 F.2d 890, 894 (1st Cir.1979). Although this rule is not absolute, it is relaxed only "in horrendous cases where a gross miscarriage of justice would occur." *Newark Morning Ledger Co. v. United States,* 539 F.2d 929, 932 (3d Cir.1976). In addition, the new ground must be "so compelling as virtually to insure appellant's success." *Dobb v. Baker,* 505 F.2d 1041, 1044 (1st Cir.1974).

Here, Mr. Carmichael filed a Motion for Appointment of Counsel on September 8, 2004, arguing he could not understand legal matters "without help." He appealed Magistrate Judge Kravchuk's denial of the Motion, citing case law and setting forth the grounds for the appeal. It is only after this Court denied his appeal Mr. Carmichael has revealed he has had "help" all along. He apparently is not the author of any of the pleadings and a "jail house writ [writer]" has been the true author. This information was clearly available to Mr. Carmichael when he originally filed his Motion, since it apparently was not his own work. Mr. Carmichael cannot submit evidence and raise matters on appeal never presented to the Magistrate Judge. *See Borden v. Sec'y of Health & Human Servs.,* 836 F.2d 4, 6 (1st Cir.1987)("Parties must take before the magistrate, not only their best shot, but all of their shots.") (citation omitted).

Accordingly, Mr. Carmichael's Motion for Reconsideration is DENIED.

SO ORDERED.