**John STANLEY, Lillian Stanley, Edward Grant, Mary Pricher Clark, and Edward Pricher, Plaintiffs,**

v.

**The CITY OF NEW YORK, Roscoe L. Smalls, Individually and as a Police Officer of the New York City Police Department, and Philip Grillo, Individually and as a Police Officer of the New York City Police Department, Defendants.**

No. 83 CV 4682.

United States District Court, E.D. New York.

June 17, 1984.

Michael T. Sucher, Thomas Urgo, Brooklyn, N.Y., for plaintiffs.

Frederick A.O. Schwarz, Jr., Office of the Corporation Counsel, New York City, for defendants; Donald J. Kravet, New York City, of counsel.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Plaintiffs, who are represented by counsel, filed this action under 42 U.S.C. §§ 1981, 1983 and 1985(3) for violations of the Fifth, Eighth and Fourteenth amendments to the Constitution. They also allege pendent claims for assault, battery, false arrest, false imprisonment, negligence and loss of services. (1) All defendants have moved to dismiss the claim of plaintiff Edward Grant; (2) New York City has moved to dismiss the § 1983 claim against it; (3) all defendants have moved to dismiss the § 1985 claims against them; and (4) all defendants have moved to dismiss all pendent state claims derived from the above. Fed.R.Civ.P. 12(b)(6).

### Facts

The allegations in plaintiffs' complaint, which I take as true for the purposes of this motion, establish the following facts. On July 24, 1982, defendants Smalls and Grillo parked their patrol car in front of 420 Chester Street in Brooklyn. Smalls alighted from the car and walked over to plaintiff John Stanley, who was standing alongside a moped belonging to his mother, plaintiff Lillian Stanley. Smalls began questioning John Stanley and, then, wrote a summons for reasons unknown to plaintiffs. Complaint ¶¶ 9–11. Plaintiff Lillian Stanley, plaintiff Mary Clark and plaintiff Edward Pricher then approached Smalls to see what was the matter; at that time Lillian Stanley offered Smalls the moped's registration papers. *Id.* ¶¶ 12–16.

At that point, it is alleged that without warning or provocation, the officers radioed for a backup team, and then began to assault plaintiffs: Smalls beat John Stanley with his nightstick, then struck Lillian Stanley in the mouth with his hand-held radio when she told Smalls to leave her son alone. Grillo hit Lillian Stanley on the left hand, forehead and right shoulder with his nightstick. *Id.* ¶¶ 17–24. When Clark commented "that it was a damn shame the way that cop is beating [Lillian Stanley] like that," *id.* ¶ 25, Smalls is alleged to have punched Clark in the eye. The backup officers then arrived, and one or more of them placed Pricher against a wall. *Id.* ¶ 28.

All four plaintiffs were handcuffed and taken to a police precinct, where they were charged with violations of various sections of the New York Penal Law. John and Lillian Stanley and Mary Clark were taken to Saint Mary's Hospital, treated and released. The charges against these three plaintiffs were eventually adjourned in contemplation of dismissal; Pricher later pled guilty to disorderly conduct. *Id.* ¶¶ 29–33.

There is no allegation that plaintiff Edward Grant was in any way involved in this incident. His is a derivative claim for loss of consortium due to injuries suffered by his wife, Lillian Stanley.

### Discussion

(1) *Motion to Dismiss Claim of Edward Grant*

■ Defendants seek to dismiss the claim of Edward Grant, pursuant to Fed.R. Civ.P. 12(b)(6). The grounds for the motion are that loss of consortium is not action-

able under the civil rights statutes and that, viewing this claim as pendent or ancillary to those of other plaintiffs, no jurisdictional basis exists for Grant's claim. The motions are granted.

■ Essential to an action under § 1981 is an allegation that defendants' acts were discriminatory and racially motivated. *Keating v. Carey*, 706 F.2d 377, 384 (2d Cir.1983). The complaint, however, contains no allegations of the race of any party to this action. The complaint under § 1981 is therefore deficient.

■ The claim under § 1983 is also fatally defective. No facts are pleaded which show that Grant has suffered a "deprivation of any rights, privileges or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Paragraphs 34 and 35 of the complaint (the only two alleging *any* injury to Edward Grant) purport to state a claim for loss of consortium. Loss of consortium, however, is a state law tort which does not rise to the level of a constitutional violation. *Walters v. Village of Oak Lawn*, 548 F.Supp. 417, 419 (N.D.Ill.1982); *see Sell v. Price*, 527 F.Supp. 114, 117 (S.D.Ohio 1981).

■ Grant's complaint under 42 U.S.C. § 1985(3) also fails to satisfy the liberal pleading requirements of that section. To state a claim under § 1985, plaintiff must allege: (1) a conspiracy to violate his constitutional rights; and (2) some racial or other class-based discriminatory animus behind the conspirators' actions. *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); *Greene v. Brown*, 535 F.Supp. 1096, 1099 (E.D.N.Y. 1982). The complaint contains no allegations remotely resembling those required by *Griffin*.

(2) *Motion to Dismiss the § 1983 Claim Against New York City*

■ A municipality is not liable under § 1983 for the torts of its police officers on a theory of *respondeat superior*. *Monell*

*v. Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). "The touchstone of the § 1983 action against a governmental body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution." *Id; Leonhard v. United States*, 633 F.2d 599, 622 (2d Cir.1980); *Singleton v. City of New York*, 632 F.2d 185, 195 (2d Cir.1980), *cert. denied*, 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981).

■ The only allegation in the complaint addressing this requirement is the charge in paragraph 37 that "the acts and omissions of the City of New York, in permitting, authorizing, approving, ratifying and otherwise not effectively prohibiting such conduct on the part of its Police Officers" violated plaintiff's civil rights. This is not an allegation of official policy, regulation or custom. Rather, it is "merely an allegation of agency, and is insufficient to support a claim against the City." *Leonhard v. United States, supra*, 633 F.2d at 622.

■ Moreover, the requisite "official policy" cannot ordinarily be inferred "from a single incident of illegality," such as a one-time use of excessive force. *Singleton v. City of New York, supra*, 632 F.2d at 195. As Judge Neaher of this Court stated in dismissing a similarly deficient complaint, "[w]ithout specific factual allegations of a direct link between an official policy and plaintiffs' alleged injuries, [there is no] basis for municipal liability under the federal civil rights laws." *Landesman v. City of New York*, 501 F.Supp. 837, 842 (E.D.N.Y.1980).

(3) *Motion to Dismiss the § 1985(3) Claim*

All defendants have moved to dismiss the claim against them under 42 U.S.C. § 1985(3).

■ The same deficiencies that are in Grant's claim under § 1985(3) (*see* (1), *supra*) are present with respect to all plaintiffs. The claim under § 1985(3) is there-

fore dismissed for the reasons discussed above.

#### (4) *Pendent Claims*

Defendants have also moved to dismiss all pendent state claims derived from the above federal claims.

■ .Absent a cognizable federal claim, no independent jurisdictional basis exists for any state law claim by Edward Grant. Pendent party jurisdiction is unavailable in civil rights actions. *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976); *Hupart v. Board of Higher Education,* 420 F.Supp. 1087, 1104 (S.D.N.Y.1976). Accordingly, any state claims Grant may have are dismissed for lack of jurisdiction.

■ The City also seeks dismissal of any pendent state claims. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). There is outstanding, however, a claim under § 1981 against the City. Accordingly, the motion to dismiss pendent state claims against the City is denied at this time.

To summarize:

1) The claim of Edward Grant is dismissed in its entirety;

2) The § 1983 claim against the City of New York is dismissed;

3) The § 1985(3) claims are dismissed as to all defendants;

4) The pendent party claim of Edward Grant is dismissed; the motion to dismiss pendent claims against the City, however, is denied.

SO ORDERED.