**Aaron GROSS, Jr. and Jacqueline Gross, Plaintiffs,**

v.

**Robert T. BOHN, et al., Defendants.**

**Civ. A. No. 90–11901–N.**

United States District Court,
D. Massachusetts.

Dec. 17, 1991.

---

Petere C. Horstmann, F. Lee Bailey, Kenneth J. Fishman, Daniel Patrick Leonard, Bailey, Fishman & Leonard, Boston, Mass., for plaintiffs Aaron Gross, Jr. and Jacqueline Gross.

Edward L. Kirby, Jr., John J. O'Brien, David J. Gorman, Kirby and Associates, Boston, Mass., for defendants Robert T. Bohn, Kevin M. Betts, Vincent Rams, Francis Wohlgemuth, William Gross, John Reed, Town of Stoughton and Peter Gabrielle.

Richard W. Cole, Asst. Atty. Gen., Chief, Civil Rights Div., Boston, Mass., for Com. of Mass.

Nancy Albano, Asst. Corp. Counsel, City of Boston Law Dept., Boston, Mass., for City of Boston and Arthur Morgan, Jr., Deputy Superintendent, Boston Police Dept.

Donna De Simone Buckley, International Broth. of Police Officers, Boston, Mass., for Peter Gabrielle.

MAZZONE, District Judge.

 After *de novo* review, without a more complete factual development as to the defendants' actual presence and participation in the events complained of, and having in mind the high standard of dismissal at this stage, I approve and adopt this Report and Recommendation as an ORDER of this court.

REPORT AND RECOMMENDATION RE:
DEFENDANT ARTHUR MORGAN, JR.'S MOTION TO DISMISS COUNTS 1, 2, 5, 6 AND 7 OF PLAINTIFFS' COMPLAINT (DOCKET ENTRY # 14); DEFENDANT CITY OF BOSTON'S MOTION TO DISMISS COUNTS 4, 5, 6 AND 7 OF PLAINTIFFS' COMPLAINT (DOCKET ENTRY # 16)

December 21, 1990

MARIANNE B. BOWLER, United States Magistrate Judge.

The defendant Arthur Morgan, Jr. ("Morgan") filed a motion on August 27, 1990 to dismiss counts 1, 2, 5, 6, and 7 of the present action for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). (Docket Entry # 14). As grounds for his motion, Morgan argues that the plaintiffs failed to state a claim against him because Morgan did not participate in the arrest of the plaintiff Aaron Gross, Jr. ("Gross") which occurred in Stoughton by Stoughton police officers. The plaintiffs opposed Morgan's motion, asserting that they have set forth sufficient facts to support their claims of civil rights violations by Morgan.

The defendant City of Boston ("City") filed a similar motion with respect to counts 4, 5, 6, and 7 of the plaintiffs' complaint. (Docket Entry # 16). In support of its motion, the City argues the following: (1) the plaintiffs have alleged conclusory claims with insufficient supporting facts; (2) the City cannot be held liable for a policy or custom claim without an underlying violation of constitutional rights by a municipal employee; and (3) the City cannot be held liable for any intentional torts. (Docket Entry # 16). The plaintiffs opposed the City's motion, asserting that they did set forth specific facts to support claims of: (1) a violation of 42 U.S.C. § 1983; and (2) injury caused by official policy or the grossly negligent lack thereof; and (3) violation of Mass.Gen.L. ch. 12, § 11I. (Docket Entry # 20).

## FACTS

The relevant facts as alleged in plaintiffs' complaint are stated as follows. The plaintiff Gross was at all relevant times, a police officer employed by the Boston Police Department and a resident of the town of Stoughton. (Docket Entry # 1, ¶ 3). Plaintiff Gross was stopped by Stoughton police officers in September, 1988 while driving a motor vehicle with Massachusetts registration number 504–KDB in Stoughton, Massachusetts. (Docket Entry # 1, ¶ 15). Gross identified himself as a Boston police officer and was permitted to leave. (*Id.*). Gross was again stopped in October, 1988, by a different Stoughton police officer. (*Id.* at ¶ 16). On November 23, 1988, Gross was stopped in the town of Canton, Massachusetts by a Canton police officer. The Canton officer requested backup, and Stoughton police officer, Peter Gabrielle ("Gabrielle") responded. Gross identified himself as a Boston police officer, and Gabrielle inquired whether plaintiff Gross knew defendant Morgan. Gross responded that he did know Morgan, and he was permitted to leave. The officers recorded Gross' registration number. (*Id.* ¶¶ 17–21, # 10, ¶ 6).

On November 30, 1988, Gross was driving the same vehicle in Stoughton at ap-

proximately 1:30 a.m. when he observed two Stoughton police cruisers approach him from behind. Gross pulled over to the side of the road to allow the officers to pass. The two officers stopped, one cruiser pulled diagonally in front of Gross' vehicle and the other pulled up behind him, therefore, preventing Gross' vehicle from moving. (Docket Entry # 1, ¶¶ 22–25). The officers asked Gross for identification, and he supplied his driver's license, his firearms license, his Boston Police badge, and his Boston Police Department identification. (*Id.* at ¶¶ 26–27). Gross also removed his gun from its holster and placed it on the trunk of his car. (*Id.* at ¶ 27). A third Stoughton Police officer arrived as backup. The two original officers then informed Gross that he was wanted for murder and that there was a warrant out for his arrest. (*Id.* at ¶¶ 28–29). The officers stated that the statement was based on a flier picturing a black male. (*Id.* at ¶ 29). Gross was detained approximately 45 minutes. (*Id.*).

Defendant Reed, the Stoughton Police Chief, then arrived and identified Gross who was allowed to leave. Subsequently, Gross went to the Stoughton Police Department and met with Reed who assured him that such a situation would not reoccur. (*Id.* at ¶¶ 31–32). Reed also showed Gross the "flier" at that time. The "flier" pictured Donta Singleton, a former Boston Police Officer, with a vehicle bearing Massachusetts registration number 504–BDZ, a different number than that on Gross' vehicle.[1] (*Id.* at ¶¶ 15 and 32). Plaintiffs allege that defendant Gabrielle prepared the "flier" based upon information obtained from Morgan and that Gabrielle and Reed distributed the "flier" to Stoughton police officers on November 29, 1988 and November 30, 1988, respectively. (*Id.* at ¶ 33).

At approximately 8:40 p.m. on November 30, 1988, Gross was again pulled over after leaving a restaurant parking lot in Stoughton. (*Id.* at ¶ 34). Numerous cruisers surrounded Gross, and the police officers had guns drawn and aimed at Gross. (*Id.* at ¶¶ 34–35). Defendants Bohn and Betts removed Gross from his vehicle, threw him to the ground, pushed his face against the cement, pressed a gun against his back, screamed obscenities at him, pinned his arms, and frisked him. (*Id.* at ¶¶ 36–38). Gross was then lifted from the ground and thrown against his vehicle. (*Id.* at ¶ 38). Defendant Morgan then identified the plaintiff as a Boston police officer. Gross then informed Morgan of the earlier stop by the Stoughton police officers and stated his intention to sue the town of Stoughton. (*Id.* at ¶ 40).

Gross was then handcuffed and placed under arrest. Morgan informed Stoughton police officer Bohn that he "had no choice." (*Id.* at ¶ 42). Gross' vehicle was then searched in the presence of Morgan. Gross was taken to Stoughton Police Department and subsequently transported to Goddard Memorial Hospital for treatment of injuries sustained during his arrest. (*Id.* at ¶¶ 3–44). Gross was then returned to the custody of the Stoughton Police Department and was released after posting a bond. (*Id.* at ¶ 45).

## DISCUSSION

■ Fed.R.Civ.P. 12(b)(6) requires the court to accept as true all factual allegations outlined in the complaint with all reasonable inferences made in favor of the non-moving party. *See generally Miree v. DeKalb County,* 433 U.S. 25, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977). Legal conclusions, deductions or opinions, however, are not given a presumption of truthfulness. *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981), *cert. denied,* 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981); *see Bryan v. Stillwater Board of Realtors,* 578 F.2d 1319, 1321 (10th Cir. 1977) (discussing procedure relevant to a motion to dismiss); *Mitchell v. Archibald*

---

1. The complaint refers to Mr. Singleton as "Danta" while the memoranda indicate "Donta." The court has adopted the spelling as specified in the complaint for purposes of the Report and Recommendation. In addition, this court notes that the Attorney General's report states that the license plate number included on the "flier" was 504–BDM rather than 504–BDZ as stated in the complaint.

*& Kendall, Inc.*, 573 F.2d 429 (7th Cir.1978) (stating standard relative to motion to dismiss under Fed.R.Civ.P. 12(b)(6)). The court may not dismiss the complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam), *reh'g denied*, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

## I. *Motion of Defendant Arthur Morgan, Jr. to Dismiss*

Even assuming the truth of the allegations contained in the plaintiffs' complaint, Morgan submits that the plaintiffs' complaint should be dismissed for failure to specifically state facts in support of a civil rights violation. (Docket Entry # 15, pp. 7–8). Morgan contends that although the plaintiff may have a constitutional claim against the Stoughton police officers, the facts, as pleaded, do not involve any unconstitutional activity by defendant Morgan. (*Id.* at 8). Defendant emphasizes the fact that a Stoughton Police officer, not Morgan, arrested Gross. Morgan further submits that he did all he could under the circumstances by identifying Gross as a Boston Police Officer prior to his arrest.

The basis of plaintiffs' civil rights claim is that the defendant, Morgan, was an essential causal link to the physical injuries and constitutional rights violations suffered by Gross when Morgan released the information in the flier to Gabrielle. Moreover, plaintiffs assert that Morgan's actions at the site of Gross' arrest and the statement to the arresting officer that "he had no choice" constituted an endorsement of an illegal stop and arrest, therefore, demonstrating defendant's intent to cause the violation of Gross' rights and the existence of a conspiracy between the Stough-

ton Police and Morgan to violate Gross' constitutional rights.

### A. Count 1

Count One of the complaint alleges violations of 42 U.S.C. §§ 1981 and 1983 and deprivations of plaintiffs' rights under the fourth, fifth, sixth, eighth and fourteenth amendments. (Docket Entry # 1, ¶¶ 50–52). It is clear that in order to establish a claim of a civil rights violation, the plaintiff must plead specific facts supporting his/her claim of civil rights violations. *Glaros v. Perse*, 628 F.2d 679, 684 (1st Cir.1980).

#### 1. *Section 1981*

■ It is also clear that an allegation that the defendant's acts were discriminatory and racially motivated is essential to a claim pursuant to 42 U.S.C. § 1981.[2] *Keating v. Carey*, 706 F.2d 377, 384 (2d Cir. 1983). The only reference to race found in the complaint that is pertinent to count one is in ¶ 21 which describes the "flier" as containing a picture of a black male. (Docket Entry # 1, ¶ 21). The paragraphs which pertain to Count One of the complaint, however, contain no allegations that the actions of the defendant alleged to be constitutional violations were racially motivated or discriminatory in nature. Accordingly, Count One is deficient under § 1981. *See Stanley v. City of New York*, 587 F.Supp. 393, 396 (E.D.N.Y.1984) (complaint deficient under section 1981 as it does not contain allegations of race of parties).

#### 2. *Section 1983*

■ In examining plaintiffs' claim under Section 1983, the court must consider, initially, "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Woodley v. Town of Nantucket*, 645 F.Supp. 1365, 1369 (D.Mass.1986) (citations

---

2. 42 U.S.C. § 1981 states in pertinent part:
All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence,

and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white persons. *Id.*

omitted).[3] With respect to the first prong of this inquiry, there is no argument set forth that the conduct complained of was committed by a police officer acting under his official capacity. With respect to the second prong of the test, the defendant argues that, as a matter of law, plaintiffs have failed to demonstrate any unconstitutional activity by the defendant Morgan. (Docket Entry #15, p. 9). The court in *Woodley v. Town of Nantucket* held that where a claim of a civil rights violation is predicated upon an improper arrest based on a lack of probable cause, the probable cause determination is better left for the trier of fact. *Woodley v. Town of Nantucket*, 645 F.Supp. at 1370–71. Defendant Morgan has distinguished this case, arguing that the *Woodley* principle is inapposite because it was a Stoughton police officer who arrested Gross; not Morgan. (Docket Entry #15, p. 9).

Plaintiffs argue, on the contrary, that the arrest and false imprisonment of the plaintiff Gross resulted from disclosure of misinformation by Morgan to the Stoughton Police Department and by Morgan's assent to the unlawful stop, arrest, and detention of Gross. (Docket Entry #19, pp. 4–5).

The court now examines the sufficiency of Count One of the complaint in light of the above discussion. The following references to defendant Morgan are found in the complaint pursuant to Count One: (1) defendant Morgan resides in Stoughton, Massachusetts and at all times relevant to this action was a deputy superintendent employed by the Boston Police Department to perform duties in the City and was acting in such capacity as the agent, servant and employee of the defendant City of Boston; (2) defendant Gabrielle asked Gross if he knew Morgan and Gross informed him that he did know Morgan; (3) Gabrielle prepared a "flier" with a picture of Donta Singleton and a vehicle bearing Massachu-

setts registration number 504–BDZ based upon information obtained from defendant Morgan; (4) defendant Morgan identified Gross as a Boston Police officer at his arrest at 8:40 p.m. on November 30, 1988; (5) Gross informed Morgan and other officers that he was mistakenly pulled over and that he intended to sue the town of Stoughton; (6) defendant Morgan told defendant Bohn that Bohn "had no choice" when Bohn arrested Gross; and (7) defendant Morgan was present when Gross' vehicle was searched. (Exhibit 1, ¶¶ 12; 20; 32–33; 34 and 39; 40; and 42).

Assuming the Stoughton police officers did engage in the use of excessive force, the question for this court to address is whether officer Morgan could be held liable for this deprivation of Gross' constitutional rights. "Liability may be imposed under § 1983 upon one who has a duty to act to prevent a deprivation of another's constitutional rights, and who fails to do so in reckless disregard of the other's constitutional rights." *Hathaway v. Stone*, 687 F.Supp. 708, 712 (D.Mass.1988) (citing *Clark v. Taylor*, 710 F.2d 4, 9 (1st Cir. 1983). "Thus courts have held that a police officer who fails to prevent the use in his presence of excessive force by another may be held liable under § 1983." *Id.* at 712 (citing *Byrd v. Brishke*, 466 F.2d 6 (7th Cir.1972); *see Bruner v. Dunaway*, 684 F.2d 422, 426 (6th Cir.1982); *Bibbo v. Mulhern*, 621 F.Supp. 1018, 1025 (D.Mass. 1985)); *see also, Gutierrez–Rodriguez v. Cartagena*, 882 F.2d 553, 560 (1st Cir.1989) (holding officer liable for deprivation of constitutional rights despite argument that officer, although present, was not in control of the situation).

The plaintiffs allege that the defendant Morgan is liable for his failure to stop the false arrest and unconstitutionally excessive force that occurred in his presence. Plaintiffs also allege that Morgan was present when the Stoughton police officers

---

**3.** 42 U.S.C. § 1983 states in pertinent part:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other per-

son within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.
 *Id.*

allegedly threw Gross to the ground, pushed his face against the cement, and allegedly engaged in other acts of excessive force. In addition, plaintiffs claim that not only did Morgan fail to stop the defendants, but that he stated to Bohn, "you have no choice." Based on these facts, it is possible that a jury may find Morgan liable under § 1983 for the failure to intervene to stop the unconstitutional activity.

### 3. *Qualified Immunity*

■ Defendant Morgan also argues that he is entitled to have the action dismissed based on qualified immunity. The United States Supreme Court set forth the standard for qualified immunity in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818, 102 S.Ct. at 2738. The first circuit has adopted and applied this standard in cases involving actions against police officers alleging violations of § 1983. *Bibbo v. Mulhern*, 621 F.Supp. at 1026; *Hathaway v. Stone*, 687 F.Supp. at 712; *see Voutour v. Vitale*, 761 F.2d 812, 818 (1st Cir.1985) (stating firmly established principle of law that good faith defense of qualified immunity exists with respect to claim under 42 U.S.C. § 1983). The purpose of this defense is to permit police officers the ability to exercise the discretion necessary to properly perform their duties without the constant fear of personal liability. *Bibbo v. Mulhern*, 621 F.Supp. at 1026.

The relevant inquiry for the court under this standard is whether the defendant Morgan should have reasonably known that his actions violated some clearly established statutory or constitutional rights of Gross. *Hathaway v. Stone*, 687 F.Supp. at 712 (citing *Voutour v. Vitale*, 761 F.2d at 818).

Applying this analysis to the case at hand, the defendant Morgan is not entitled to a dismissal of the action on the basis of qualified immunity. A reasonable officer who saw another officer drag an arrestee from a car, throw him to the ground, push his face against the cement, and scream obscenities at him would realize that he was under a duty to intervene in an attempt to stop the assault. Although the defendant Morgan raises the argument that he was not within his jurisdiction as a Boston police officer at the time the arrest and alleged excessive force occurred, this court notes that Morgan knew the defendant was a Boston police officer and had identified him as such; and further, that he knew the Stoughton police officers and could have intervened on behalf of the plaintiff. Moreover, the cases cited above do not specifically recognize a distinction with respect to the jurisdiction of the officer in imposing the duty in question. In fact, no mention of the jurisdiction is found in many of the opinions. While the question of jurisdiction may raise substantial issues in imposing such a duty, in light of the policy against dismissal on the pleadings except in the plainest of circumstances, this court finds it difficult to state that a claim has not been at least minimally stated by the plaintiffs. *See Kadar Corp. v. Milbury*, 549 F.2d 230, 234 (1st Cir.1977) (stating policy against dismissal pursuant to Fed.R.Civ.P. 12(b)(6)); *but see Shick v. Farmers Home Admin. of U.S. Dept. of Agric.*, 748 F.2d 35, 42 (1st Cir.1984) (looking at matter most favorably to plaintiffs all defendants would have at least qualified immunity and plaintiff's conclusory statements are insufficient to withstand motion to dismiss).

### B. Count 2

■ Count Two alleges the existence of a conspiracy between the defendant Morgan, the defendant Gabrielle and other unknown conspirators, to violate the constitutional rights of the plaintiff Gross. (Docket Entry # 1, ¶ 54). Gross asserts that the defendants engaged in the alleged conspiracy with the mutual purpose of depriving him of his rights, privileges and immunities and that they would discriminate against

him because he was black, all in violation of 42 U.S.C. § 1985(3).[4]

■ "To state a claim under § 1985, [a] plaintiff must allege: (1) a conspiracy to violate his constitutional rights; and (2) some racial or other class-based discriminatory animus behind the conspirators' actions." *Stanley v. City of New York*, 587 F.Supp. at 396 (citations omitted). Moreover, the complaint must state with specificity the facts demonstrating the existence and scope of the alleged conspiracy. *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir.1977); *Carter v. Rollins Cablevision of Mass., Inc.*, 618 F.Supp. 425, 426 (D.Mass. 1985).

The only specific allegations concerning the alleged conspiracy are: (1) publication of false information incriminating to Gross; (2) allegedly unjustified stopping of Gross' motor vehicle; and (3) allegedly intentional allowance of the false arrest and false imprisonment of Gross. (Docket Entry #1, ¶ 56).

Despite these suggestions of a conspiracy, plaintiffs have failed to adequately plead specific facts in support of the conclusory allegations of the existence of a conspiracy. *See generally Leonardo v. Moran*, 611 F.2d 397 (1st Cir.1979) (discussing pleading requirements of conspiracy claim); *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n. 3 (1st Cir.1976), *cert. denied*, 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977). As argued by defendant Morgan, "[t]he exchange of information between the Boston Police and the federal agents [in this case Stoughton Police] cannot form the basis of a conspiracy charge." *Bemis v. Kelley*, 671 F.Supp. 837, 843 (D.Mass.1987). Moreover, the facts upon which plaintiffs base their argument in Plaintiffs' Opposition to the Defendant Arthur Morgan Jr.'s Motion to Dismiss Counts 1, 2 and 5–7 of the Plaintiffs' Complaint ("Opposition to Morgan's Motion") (Docket Entry #19) concerning the conspiracy claim go beyond those asserted in the complaint. The facts as alleged in the complaint which pertain to the dissemination of false information merely state that a "flier" was prepared by Gabrielle pursuant to information provided by defendant Morgan with a picture of a male named Donta Singleton, a former Boston Police officer with a vehicle bearing Massachusetts registration number 504–BDZ, and that the numerous stops and ultimate arrest of the plaintiff Gross were based on the information provided in that "flier". (Docket Entry #1 ¶¶ 29 and 32–33). The complaint further states that plaintiff Gross was driving an official vehicle with Massachusetts registration number 504–KDB when the stops occurred. (Docket Entry #1, ¶¶ 15–17; 22). The facts alleged by the plaintiffs in the Opposition to Morgan's Motion state that the flier included "a description of the car Gross was driving when previously stopped by the Canton police officer." (Docket Entry #19, p. 2). This and other additional facts included in the Opposition to Morgan's Motion that may suggest the dissemination of false information pertaining to the "flier" were not included in the complaint and are not a proper basis for argument in opposition to the defendant Morgan's present motion to dismiss the conspiracy claim.

Similar to the circumstances of the *Bemis* case, plaintiffs have failed to include factual allegations of an agreement among the defendants in accomplishing the asserted objectives of the alleged conspiracy. *See Bemis v. Kelley*, 671 F.Supp. at 843.

Plaintiffs also argue, in opposition to Morgan' arguments, that the plaintiff in

---

**4.** 42 U.S.C. § 1985(3) provides in pertinent part:

If two or more persons in any State ... conspire ... on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws ... in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done,

any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

*Id.*

*Bemis v. Kelley* was provided an opportunity for discovery which has not occurred in the present case. The plaintiffs fail to recognize that they must meet the requirements under section 1985(3) on the pleadings. They may not be permitted to establish their case based on discovery when they have failed to satisfactorily allege the complaint in the initial stages. *See Hathaway v. Stone*, 687 F.Supp. at 711 n. 1 (plaintiff not entitled to discovery to determine existence of a factual basis for claim).

This court does not find Morgan's mere presence at the arrest and the failure to stop the arrest after an exchange of allegedly incorrect information sufficient to form the basis of a conspiracy charge under 42 U.S.C. § 1985(3).

### C. Count 5

Count Five alleges claims of assault and battery, false arrest and imprisonment, malicious prosecution, abuse of process, intentional infliction of emotional distress, conspiracy and negligence. (Docket Entry # 1, ¶ 71). Because these claims are state law claims and this cause of action accrued in Massachusetts, Massachusetts law governs the consideration of these issues. In support of his motion to dismiss, defendant Morgan asserts that he, as an employee of the city cannot be held liable on a claim of negligence. (Docket Entry # 15, p. 3).

■ Morgan cannot be held liable for claims of negligence allegedly committed while acting in his official capacity. *See* Mass.Gen.L. ch. 258, §§ 1, 2; 4 (state tort claims act). The Massachusetts Tort Claims Act provides that a public employer is liable for injury caused by the negligent or wrongful act or omission of a public employee acting within the scope of his employment. *Id.*, § 2. Plaintiffs do not allege that Morgan was acting in any capacity other than his capacity as a municipal police officer during all time periods relevant to this action. Accordingly, Count Five must be dismissed with respect to the claim of negligence against the defendant Morgan for failure to state a cause of action pursuant to Fed.R.Civ.P. 12(b)(6).

The employee remains liable, however, for intentional torts committed by the employee. "Consistent with the common law principles of governmental immunity which preceded the Massachusetts Tort Claims Act, we [the Supreme Judicial Court of Massachusetts] conclude that public employers retain their immunity from suits arising from intentional torts." *Spring v. Geriatric Authority of Holyoke*, 394 Mass. 274, 285, 475 N.E.2d 727, 734 (1985). Accordingly, the remaining intentional tort claims against the defendant Morgan cannot be dismissed on this basis.

■ In addition, in light of this court's finding *supra* that the defendant Morgan, was under a duty, as a police officer, to intervene to prevent a violation of the constitutional rights of the plaintiff arrestee, Gross, which occurred in his presence, and a finding that the defendant's failure to do so may have reflected a reckless indifference to Gross' safety, this court need not comment on the sufficiency of the evidence alleged in support of the state law tort claims of assault and battery, false arrest and imprisonment, and intentional infliction of emotional distress. *See Clark v. Taylor*, 710 F.2d 4, 9 (1st Cir.1983); *but see Hall v. Ochs*, 817 F.2d 920, 926 (1st Cir. 1987) (citing Mass. statute limiting joint liability of police officers to situations involving active participation of officer in arrest or imprisonment except in case of use of excessive force); and Mass.Gen.L. ch. 263, § 3 (providing limitation of joint liability of police officers).

In addition, in light of this court's finding with respect to the conspiracy claim alleged in Count Two, the claim of conspiracy in this count must be dismissed for failure to specifically plead the facts in support of such a claim.

■ The claim under Count Five for malicious prosecution must also be dismissed with respect to Morgan. An action for malicious prosecution requires that the plaintiff prove: (1) that a prosecution was commenced against him; (2) that it was instigated by the defendant; (3) that it was malicious; (4) that it was legally and finally terminated in the plaintiff's favor; (5) that

it was without probable cause; and (6) that it caused the plaintiff injury. *See Wynne v. Rosen*, 391 Mass. 797, 798, 464 N.E.2d 1348, 1350 (1984) (discussing tort of malicious prosecution). The complaint in this action sets forth an allegation that defendant Bohn, maliciously and without probable cause, charged Gross in a misdemeanor complaint with disorderly conduct. (Docket Entry # 1, ¶ 47). The complaint does not include an allegation of such a charge by Morgan. The plaintiffs have, therefore, failed to plead the elements of the tort of malicious prosecution with respect to the defendant Morgan, and that claim against Morgan must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). The same argument and consequences apply to the claim of abuse of process.

In summary, with respect to claims alleged against the Morgan in Count Five of the complaint, it is the recommendation of this court that the following claims be dismissed as against the defendant Morgan pursuant to Fed.R.Civ.P. 12(b)(6): malicious prosecution; abuse of process; conspiracy; and negligence.

### D. Count 6

 Defendant Morgan also moved for dismissal of Count Six, a claim under Mass.Gen.L. ch. 12 § 11I.[5] A claim under Mass.Gen.L. ch. 12, § 11I requires an allegation that the defendant "interfered by threat, intimidation, or coercion." *Id.* A plaintiff is not entitled to recover under this statute merely by demonstrating a federal constitutional claim. *See Longval v. Commissioner of Correction*, 404 Mass. 325, 333, 535 N.E.2d 588, 593 (1989) (no coercion within meaning of Massachusetts statute); *Bally v. Northeastern University*, 403 Mass. 713, 717–20, 532 N.E.2d 49, 51–53 (1989) (no violation because no find-

ing of threats, intimidation or coercion). It is clear, however, that "the remedy provided in [§ 11I] ... was intended to be coextensive with the remedy in 42 U.S.C. § 1983, except for the State action requirement ... In interpreting § 1983, the United States Supreme Court has held that specific intent is not a prerequisite to a violation of § 1983 ... Similarly, [ch. 12, § 11I] ... contain[s] no state of mind prerequisite for recovery." *Redgrave v. Boston Symphony Orchestra*, 399 Mass. 93, 96, 502 N.E.2d 1375, 1378–79 (1987). The *Redgrave* court in interpreting Mass.Gen.L. ch. 12, § 11I also noted, "Like all civil rights statutes, ... [§ 11I is] entitled to liberal construction." *Id.* In light of the instruction provided by the court in *Redgrave*, the deference given to construing a civil rights statute, a finding that the defendant Morgan may be liable for a violation of 42 U.S.C. § 1983, and a general policy against dismissal on the pleadings except in the plainest of circumstances, this court finds it difficult to state that a claim against the defendant Morgan pursuant to Mass.Gen.L. ch. 12, § 11I has not been at least minimally stated by the plaintiffs. *See id.* (stating Mass.Gen.L. ch. 12, § 11I coextensive with 42 U.S.C. § 1983); *Batchelder v. Allied Stores Corp.*, 393 Mass. 819, 822, 473 N.E.2d 1128, 1130 (1985) (civil rights acts entitled to liberal construction); and *Kadar Corp. v. Milbury*, 549 F.2d 230, 234 (1st Cir.1977) (stating policy against dismissal pursuant to Fed.R.Civ.P. 12(b)(6)).

### E. Count 7

 The final count against the defendant Morgan is a claim asserted by the plaintiff Jacqueline Gross, the wife of Aaron Gross for loss of consortium.[6] (Docket Entry # 1, ¶¶ 77–9). Loss of consortium includes claims for the loss of love, affec-

---

**5.** Mass.Gen.L. ch. 12, § 11I provides in pertinent part:

Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, ... may institute and prosecute in his own name and on his own behalf a civil action.

*Id.*

**6.** Although the facts alleged in the complaint pursuant to this claim are sketchy, at best, it is the position of this court that plaintiffs have at least minimally set forth an independent cause of action for loss of consortium on the part of Jacqueline Gross.

tion, companionship, society, comfort, services, and sexual intercourse, in the context of a husband and wife relationship. *See Olsen v. Bell Telephone Laboratories, Inc.*, 388 Mass. 171, 177, 445 N.E.2d 609, 613 (1983). It is clear that a claim of loss of consortium may be maintained where the loss arose from personal injury to the spouse caused by the negligence of a third party. *See generally Diaz v. Eli Lilly & Co.*, 364 Mass. 153, 302 N.E.2d 555 (1973) (discussing loss of consortium claim). The Massachusetts courts have also recognized such a cause of action where the loss arises out of the intentional infliction of emotional distress inflicted upon a spouse by a third party. *Agis v. Howard Johnson Co.*, 371 Mass. 140, 146–7, 355 N.E.2d 315, 320 (1976).

 This court has recommended dismissal of the negligence claim asserted against the defendant Morgan. On the contrary, such a recommendation has not been made with respect to the claim of intentional infliction of emotional distress. Accordingly, it is also the recommendation of this court that Count Seven be allowed to stand as to the defendant Morgan.

II. *Motion of the Defendant City of Boston to Dismiss*

A. Count 4

 Count Four of the complaint asserts claims against the City of Boston for violation of 42 U.S.C. § 1983 and Mass. Gen.L. ch. 12, § 11I. (Docket Entry # 1, ¶ 66). These claims are based upon the absence of a policy or custom regarding the dissemination of information to other police departments; or alternatively, upon inadequate training or supervision of Boston police officer employees by the City of Boston. (Docket Entry # 1, ¶ 66(a)). The City moved for dismissal on the grounds that the complaint fails to state a cause of action under 42 U.S.C. § 1983. To establish liability of a municipality under § 1983, the plaintiff must show that the individual defendant Morgan, an employee of the City, was acting pursuant to some official policy or custom of the City when he allegedly committed a violation of plaintiff's civil rights. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (holding that municipality may not be held liable under § 1983 upon theory of *respondeat superior*); *Hathaway v. Stone*, 687 F.Supp. at 710 (citations omitted) (requiring demonstration that employee acting pursuant to official policy or custom). In addition, if the claim is based upon a custom of failing to train the police officers, the plaintiff must demonstrate that the City acted with gross negligence, meaning deliberate indifference, in fulfilling its responsibilities. *Id.; see Voutour v. Vitale*, 761 F.2d 812, 819–20 (1st Cir.1985) ("supervisor must demonstrate at least gross negligence amounting to deliberate indifference, and ... this conduct must be causally linked to the subordinate's violation of plaintiff's civil rights"). Moreover, "[s]uch a showing requires that the municipal decision makers knew or should have known of officers' misconduct and that they failed to take reasonable measures to rectify the situation." *Id.*

There is no demonstration in the complaint that the person in charge of such policy decisions knew or should have known of the alleged misconduct by defendant Morgan.[7] The plaintiff, instead, merely makes conclusory accusations concerning the lack of a policy with respect to the dissemination of information. In addition, the plaintiff makes similar conclusory allegations with respect to the alleged failure of the City to adequately train the police officers in the event that such a policy does exist. As discussed above, a complaint based upon civil rights violations must state the facts upon which the violations are based with specificity.

Giving the complaint great deference, the most that it sets forth with respect to the involvement of the City of Boston or its employees in terms of a constitutional vio-

---

**7.** According to the information provided by counsel for the parties at the hearing held pursuant to these motions, the police chief is the person in charge of policy making with respect to the dissemination of information.

lation is the possibility of a claim against the defendant Morgan. "Without more, a single alleged incident of individual misconduct will not support the inference that the City failed to train, supervise, or discipline its officers." *Id.* at 710–11; *see Oklahoma City v. Tuttle,* 471 U.S. 808, 833, 105 S.Ct. 2427, 2441, 85 L.Ed.2d 791 (Brennan, J., concurring in part and concurring in judgment) (scope of § 1983 does not permit imposition of liability upon actions of single employee not authorized to make city policy). It is, therefore, the position of this court, that the plaintiff has failed to set forth a cognizable claim of violation of 42 U.S.C. § 1983 with respect to the defendant City.[8]

██ Count Four of the complaint also alleges a violation of Mass.Gen.L. ch. 12, § 11I. "To state a claim against the City ... under § 11I, the plaintiff must allege that the defendants interfered with their rights 'by threats, intimidation, or coercion.'" *Id.* at 711 (citations omitted). The plaintiff has failed to allege such threats, intimidation, or coercion on the part of the City of Boston. As the court noted in *Hathaway v. Stone,* "even assuming the City ... failed to train, discipline, or supervise its officers, such a failure did not involve threats, intimidation or coercion by the City." *Id.*

Accordingly, it is the recommendation of this court that plaintiffs' claim against the City of Boston pursuant to Mass.Gen.L. ch. 12, § 11I should also be dismissed for failure to state a claim pursuant to Fed.R.Civ. 12(b)(6).

### B. Count 5

██ Count Five alleges claims of assault and battery, false arrest and imprisonment, malicious prosecution, abuse of process, intentional infliction of emotional distress, conspiracy and negligence. As discussed above, these claims are governed by state law. In addition, as also stated above, the city may not be held liable for the intentional torts of its employees. This court reads this count as asserting these claims based upon the actions of the officers that occurred on the numerous occasions that the plaintiff was stopped and upon the alleged conspiracy.

Accordingly, based upon the well recognized principle of law that a municipality cannot be sued for the intentional torts of its employees, this court recommends that defendant City of Boston's motion to dismiss be allowed with respect to the following claims set forth in Count Five of the complaint: assault and battery; false arrest and imprisonment; and intentional infliction of emotional distress. This court also recommends dismissal of the claim of conspiracy for the reasons set forth above in section I(B) of this Report and Recommendation.

██ This court does not, however, recommend that the defendant City of Boston's motion be allowed with respect to the claim of negligence asserted against the defendant City of Boston in Count Five of the complaint. As more fully discussed in part I(C) of this Report and Recommendation, the municipality is the proper party to sue pursuant to the Massachusetts Tort Claims Act in the case of negligence by a municipal employee. In addition, because this court has determined that the employee's failure to intervene on behalf of the plaintiff Gross may have resulted in deliberate indifference on the part of the defendant officer, it is clear that a claim based upon the negligence of that officer cannot be dismissed for failure to state a claim.

### C. Count 6

Count Six alleges a claim pursuant to Mass.Gen.L. ch. 12 § 11I. For the reasons

---

**8.** At this juncture it is important to note that the remaining claims against the defendant City of Boston include the following: violation of Mass. Gen.L. ch. 12, § 11I; assault and battery; false arrest and imprisonment; malicious prosecution; abuse of process; intentional infliction of emotional distress; conspiracy; negligence and loss of consortium. Although all of these remaining claims are grounded in state law, this court shall retain jurisdiction over all remaining claims in light of the federal claims remaining against individual officers. *See Hathaway v. Stone,* 687 F.Supp. at 713 (retaining jurisdiction over all remaining state law claims against defendant municipality where federal claims remained against individuals).

set forth *supra* in part II(A) of this Report and Recommendation, it is the recommendation of this court that the defendant City of Boston's motion to dismiss Count Six of the complaint be denied.

### D. Count 7

Count Seven alleges a claim for loss of consortium on behalf of the plaintiff Aaron Gross' wife, Jacqueline Gross. A claim of loss of consortium, as discussed in greater detail above, may be based upon a loss of affection, love, companionship and sexual enjoyment due to negligently caused injury to the other spouse. "When a spouse suffers personal injury as a result of the negligence of a third party, the other spouse may recover damages from the third party for loss of consortium." *Olsen v. Bell Telephone Laboratories, Inc.*, 388 Mass. 171, 176, 445 N.E.2d 609, 612 (1983). A claim for loss of consortium is treated as a separate claim, independent of the claim by the injured spouse. *Id.*; *see Feltch v. General Rental Co.*, 383 Mass. 603, 607–8, 421 N.E.2d 67, 70 (1981) (allowing claim of loss of consortium against negligent worker and worker's employer despite comparative negligence of injured spouse). Because the plaintiffs' recourse for a claim of negligence is against the City, this court does not find that it is proper to dismiss the loss of consortium claim for failure to state a cause of action.

Accordingly, it is the recommendation of this court that the defendant City of Boston's motion to dismiss should be denied with respect to the claim against the City of Boston pursuant to Count Seven of the complaint.

### CONCLUSION

This court RECOMMENDS [9] that the defendants' motions to dismiss (Docket Entry ## 14 and 16) be ALLOWED in part and DENIED in part as stated above.

---

9. Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of the Report and Recommendation and must identify the portion of the Report and Recommendation to which objection is made and the basis for such objection. Any party may respond to another party's objections within ten days after service of the objections. Failure to file objections within the specified time waives the right to appeal the district court's order. *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir.1982); *United States v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir.1986).