**James LUCIEN, Petitioner,**

v.

**Luis SPENCER, Respondent.**

**C.A. No. 07–11338–MLW.**

United States District Court,
D. Massachusetts.

Feb. 17, 2008.

James Lucien, Norfolk, MA, pro se.

Eva M. Badway, Attorney General's Office, Boston, MA, for Respondent.

### MEMORANDUM AND ORDER

WOLF, District Judge.

## I. INTRODUCTION

On July 20, 2007, the petitioner, who is currently serving a life sentence in state prison following state court convictions for first degree murder and robbery, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Docket No. 1). The petition asserts five constitutional claims: a claim challenging the factual findings in the Supreme Judicial Court's resolution of a due process challenge to jury instructions (claim one), a challenge regarding the knowing and voluntary waiver of the right to testify (claim two), claims of ineffective assistance of trial and appellate counsel (claims three and four), and a challenge to the trial court's alleged interference in cross-examination (claim five).

On August 9, 2007, this court received from the petitioner a Motion for Appointment of Counsel (Docket No. 5) and an Application for Leave to Proceed Without Payment of Fees (Docket No. 6).

On August 24, 2007, the court established a briefing schedule, in response to the respondent's Motion for a Scheduling Order (Docket No. 9). The briefing schedule required the petitioner to submit a memorandum in support of his petition by October 23, 2007 and the respondent to submit a memorandum in opposition by November 27, 2007. The court subsequently found moot the petitioner's Motion to Stay Ruling on the Proposed Schedule (Docket No. 11) because the motion to stay was received after the court had entered the scheduling order.

The petitioner has now moved (Docket No. 12) for reconsideration of the court's August 24, 2007 Order establishing the briefing schedule on the grounds that: the schedule was established before this court had ruled on the petitioner's motion to appoint counsel; that the court ruled on the motion for a scheduling order before it saw the respondent's motion to stay; and that the petitioner cannot comply with the established schedule without counsel. In addition, the petitioner moves for an extension of time (Docket No. 14) of at least 120 days for him to comply with the October 23, 2007 deadline to submit a memorandum in support of his petition.

## II. DISCUSSION

### A. Motion for Leave to Proceed Without Prepayment of Fees

A party filing a § 2254 habeas petition must either (1) pay the $5.00 filing fee for habeas corpus actions, or (2) file an Application to Proceed Without Prepayment of Fees. See 28 U.S.C. § 1914(a) (filing fees); § 1915 (proceeding without prepayment of fees). Here, court records indicate that the $5.00 filing fee was received from the petitioner on August 6, 2007. Because the filing fee has been paid, the Motion for Leave to Proceed Without Payment of Fees is moot. However, the documentation submitted with the motion will be considered in the event counsel is to be appointed.

### B. Motion for Appointment of Counsel

#### 1. Background and Asserted Grounds

In his August 9, 2007 motion for appointment of counsel and his August 29, 2007 motion to stay ruling on the proposed schedule, the petitioner requests an attor-

ney and provides various grounds for his request. In his August 9, 2007 motion, the petitioner requests counsel based on "the severity of his sentence, [the] complexity of the issues [ ] raised in his ... petition[,]" and the fact that he is "uneducated in federal laws and procedures." Aug. 9, 2007 Motion at 1. In his August 29, 2007 motion, the petitioner reiterates that because he is "indigent, unskilled and unlearned in federal rules and procedure" he may "feeblemindedly waive his constitutional claims," and further argues that it may take years for him to write a reasonable legal memorandum due to the lack of time, legal resources, and writing tools available in prison. *See* Aug. 29, 2007 Motion at 1–2.

As additional grounds for his request, the petitioner notes that he "suffers from a cognitive disorder which severely limits his comprehension of much of what he reads." *Id.* at 2. In support of this assertion, he has submitted a "Psychological Test Report" issued by "Umass Correctional Health" and dated August 30, 2005 (the "2005 Report"). The 2005 Report indicates that, at some point during his incarceration the petitioner earned a GED, and at the time of the Report was struggling with "BU courses." 2005 Report at 2. The 2005 Report further indicates that in 1995, the petitioner had achieved reading and math scores at the eighth grade level. *Id.* However, at the time of the 2005 testing, the petitioner performed "within the 'extremely low' range of intellectual functioning" on the "WAIS III" test and was found "severely impaired" in attention and concentration. *Id.* at 3. The Report concludes that referral for medical and neuropsycho-

logical assessment was warranted. *Id.* at 4.

## 2. *Legal Standard*

■ While "[t]here is no absolute constitutional right to a free lawyer in a civil case," *DesRosiers v. Moran,* 949 F.2d 15, 23 (1st Cir.1991), the court has the authority under the Criminal Justice Act ("CJA") to appoint an attorney for a financially eligible person seeking relief under 28 U.S.C. § 2254 upon a determination "that the interests of justice so require," 18 U.S.C. § 3006A (a)(2)(B).[1]

■ To determine whether to appoint counsel in a civil case, a court may consider "the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; the complexity of the factual and legal issues involved; and the capability of the indigent litigant to present the case." *Cookish v. Cunningham,* 787 F.2d 1, 3 (1st Cir.1986) (per curiam) (citations omitted) (considering appointment of counsel in a non-habeas civil case pursuant to 28 U.S.C. § 1915(d)); *Carmichael v. Warden,* 346 F.Supp.2d 207, 209 (D.Me.2004) (applying the *Cookish* factors to assess the propriety of appointment of counsel under § 3006A (a)(2)(B)).

## 3. *Analysis*

■ Several of the petitioner's asserted grounds for seeking counsel relate to his lack of legal training and the limited resources available to him in prison. None of these grounds justify the appointment of counsel. The First Circuit has held that being formally untrained in federal law

---

**1.** Federal law does require appointment of counsel in post conviction proceedings "seeking to vacate or set aside a *death* sentence." 18 U.S.C. § 3599(a)(2) (emphasis added); *Murray v. Delo,* 34 F.3d 1367, 1373 (8th Cir. 1994) (interpreting § 3599(a)(2)'s predecessor 21 U.S.C. § 848(q)(4)(A)). In his motions, the petitioner emphasizes that he is serving a life sentence, characterized in his petition as "death by incarceration." *See* Petition (Docket No. 1) at 2. However, this statute does not apply to the petitioner who is not under a sentence of death.

and procedure is not a sufficient reason to justify attorney appointment. *See Cookish,* 787 F.2d at 2–3; *DesRosiers,* 949 F.2d at 23–24. Virtually all prisoners in federal custody confront the same resource and training obstacles as the petitioner. These obstacles, therefore, do not present the "exceptional circumstances" necessary to support the appointment of counsel. *DesRosiers,* 949 F.2d at 23.

The mental impairment noted in the petitioner's psychological report, on the other hand, does impact whether an attorney should be appointed to represent him. *See Cookish,* 787 F.2d at 3 (instructing courts to consider the "capability of the indigent litigant to present the case"); *DesRosiers,* 949 F.2d at 24 (affirming denial of appointed counsel and noting that litigant "exhibited no functional impairments").

The "WAIS III" test referenced in the 2005 Report submitted by the petitioner evidently refers to the Weschler Adult Intelligence Scale–III assessment, generally understood to be the "standard instrument in the United States for assessing intellectual functioning." *Atkins v. Virginia,* 536 U.S. 304, 309 n. 5, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002). The petitioner has not submitted any information about the context of the 2005 Report or about any possible changes in or analyses of his intellectual functioning since 2005. However, the findings of impairment in the submitted Report are significant and the court is giving them substantial consideration.

However, the petitioner's possible impairment must be assessed in the context of his case, "focusing, *inter alia,* on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself" in these particular proceedings. *DesRosiers,* 949 F.2d at 24. The mere fact of any mental impairment is not dispositive. *See, e.g., Phelps v. United States,* 15 F.3d 735, 737 (8th Cir.1994) (finding fact that petitioner was not guilty by reason of insanity and was committed to federal medical facility was "merely a factor to be considered when determining if appointment of counsel [would] benefit the litigant and the court").

Here, the petitioner brings a habeas petition challenging his state court conviction for first degree murder and robbery. Although some of his claims are complex, a preliminary review of the record reveals that the claims presented in his petition have been argued in prior proceedings.[2] When a petitioner can find the information necessary to support his claims in prior court filings, appointment of counsel is typically not appropriate. *Cf. Vasquez v. DiPaolo,* 1998 WL 428012, *3 (D.Mass. 1998) (noting that appointment of counsel is less appropriate in habeas proceedings when the petitioner is able to present his claims, especially when the facts and issues raised in the petition have been developed in earlier proceedings). The procedural posture of this case, therefore, militates against the appointment of counsel.

In addition, there is ample evidence that the petitioner is capable of presenting and arguing his claims without the assistance of counsel despite any intellectual impairment. His petition, the procedural motions, and status reports submitted to this

---

**2.** Prior court documents raise all of the claims presented in the petition. *See, e.g.,* Br. of Def. to SJC (Resp. Supp. Answer, Exhibit 2) (brief prepared by counsel on the petitioner's appeal presenting claims substantially similar to claims two, three, and five presented here regarding waiver of the right to testify, ineffective assistance of counsel, and interference with cross examination); Def.'s Mem. in Support of Am. Pet. to Single Justice of Supreme Judicial Court (Resp. Supp. Answer, Exhibit 11) at 4–19 (*pro se* filing presenting claims substantially similar to claims one and four presented here regarding the SJC's decision and ineffective assistance of appellate counsel); *id.* at Ex. 8 (letter from counsel setting forth facts and legal reasoning related to claim one).

court all show "a fairly clear understanding of what he wants to present." *Childs v. Duckworth*, 705 F.2d 915, 922 (7th Cir. 1983). In state court proceedings in this case, the petitioner has *personally* raised and argued many of the claims he presents here, and supported them coherently and with citation to relevant authority. See *supra* note 2. At least one of the petitioner's filings was produced after the testing noted in the 2005 Report, indicating that petitioner's ability to produce coherent court documents continues despite the impairment noted in that report. See Def. Resp. to Gov't Opp. to Pet. to Single SJC Justice (Resp. Supp. Answer, Exhibit 13) (responding *pro se* to a government filing dated October 5, 2006). These facts indicate that the interests of justice do not require appointment of counsel to the petitioner.

Therefore, this court finds that despite any possible intellectual impairment, the petitioner will be able to present his claims coherently in these proceedings.

For all these reasons, the petitioner's motion for appointment of counsel is being denied without prejudice. The court may reconsider this ruling if the legal or factual issues become more complex or if the petitioner demonstrates that a lack of counsel sufficiently weakens his ability to investigate and develop the relevant facts so as to constitute "exceptional circumstances." *DesRosiers*, 949 F.2d at 23.

### C. *Scheduling Motions*

For the foregoing reasons, the court finds that the petitioner will be able to compose an adequate memorandum in support of his petition. Therefore, it was appropriate to establish a briefing schedule, and the petitioner's motion for reconsideration of this court's ruling on the proposed schedule, which asked that no schedule be established until counsel is appointed, is being denied.

However, it is reasonable to allow the petitioner some additional time to submit his memorandum *pro se*. Therefore, the petitioner's request for a 120–day extension of the schedule is being allowed. The petitioner requested that extension on October 4, 2007 and, if immediately granted, his memorandum would have been due on February 20, 2008. Since this court established the briefing schedule, the petitioner has informed the court that he is working as quickly as possible on a memorandum in support of his petition. *See, e.g.*, Dec. 6, 2007 and Jan. 8, 2008 Status Reports (Docket Nos. 17, 19). In the circumstances, the court is extending the deadline for the petitioner's memorandum to March 22, 2008, and ordering the respondent to submit his memorandum by April 26, 2008.

### III. ORDER

Accordingly, it is hereby ORDERED that:

1. The petitioner's Motion for Leave to Proceed Without Prepayment of Fees (Docket No. 6) is MOOT.

2. The petitioner's Motion for Appointment of Counsel (Docket No. 5) is DENIED without prejudice.

3. The petitioner's Motion for Reconsideration of the Schedule (Docket No. 12) is DENIED.

4. The petitioner's Motion for an Extension of Time (Docket No. 14) is ALLOWED. The petitioner shall, therefore, submit a memorandum of law in support of his petition by March 22, 2008.

5. The respondent shall submit a memorandum in opposition to the petition by April 26, 2008.